UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAURA S. CLARK, STEPHEN R. CLARK, and SEJCO VENTURES, LLC, <br><br> Plaintiffs <br><br> vs. <br><br> OAKHILL CONDOMINIUMS ASSOCIATION, INC., et al., <br><br> Defendants | CAUSE NO. 3:08-CV-283 RM |

OPINION and ORDER

Plaintiffs Laura and Stephen Clark and SEJCO Ventures seek an order compelling the defendants to produce documents the defendants contend are protected by the attorney-client privilege. The plaintiffs seek these documents in preparing for the preliminary injunction hearing to be held on September 5, and the court ordered expedited discovery in preparation for that hearing. Accordingly, time doesn't allow a detailed and reasoned item-by-item ruling by the court.

Instead, the court notes the following principles that guide its rulings on the plaintiffs' motion. The attorney-client privilege protects a client's communications to his attorney made in confidence in the attorney's professional capacity to obtain legal advice; the attorney's advice is protected either by the attorney-client privilege or the work-product privilege. Jenkins v. Bartlett, 487 F.3d 482, 490 (7th Cir. 2007). The privilege protects discussions of the attorney's advice among

clients, but does so only to the extent those discussions reveal confidential communications to or from the attorney. Kodish v. Oakbrook Terrace Fire Protection Dist., 235 F.R.D. 447, 453 (N.D. Ill. 2006). Accordingly, to the extent the defendants contend the privilege protects a cover e-mail that effectively says, "We received a communication from our attorney, and that communication is attached," the court disagrees: the cover e-mail discloses no content of any communication.

With these principles in mind, the court rules as follows on the motion to compel:

1. As to **Bates pages 940-942,** the court **DENIES** the plaintiffs' motion to compel. These are drafts of letters to third parties. If sent, the letters would lose protection of the privilege, but until then, they evince the attorneys' advice to the client about what the letters should say.

2. As to **Bates page 943,** the court **DENIES** the plaintiffs' motion to compel. This e-mail constitutes one client's disclosure to another client of attorney's communication.

3. As to **Bates pages 944-947,** the court **DENIES** the plaintiffs' motion to compel. These pages (a single e-mail) set forth the attorney's understanding of the case based on communications from the client.

4. As to **Bates pages 948 and 949,** the court **DENIES** the plaintiffs' motion to compel. These e-mails are part of discussion among clients of what the attorney advised and what the clients' response should be.

5. As to **Bates pages 963 and 964,** the court **GRANTS** the plaintiffs' motion to compel. These are e-mails announcing the forwarding of a letter from counsel. The e-mails themselves neither reveal nor discuss any privileged information.

6. As to **Bates page 969,** the court **DENIES** the plaintiffs' motion to compel. This e-mail is part of discussion among clients of what the attorney advised.

7. As to **Bates page 970,** the court **DENIES** the plaintiffs' motion to compel. This e-mail relates a communication from client to counsel seeking legal advice.

8. As to **Bates page 978,** the court **GRANTS** the plaintiffs' motion to compel. This is an e-mail announcing the forwarding of letter from counsel. The e-mail itself neither reveals nor discusses any privileged information.

9. As to **Bates page 990,** the court **GRANTS** the plaintiffs' motion to compel. This e-mail is an acknowledgment of the receipt of a document. The e-mail itself neither reveals nor discusses any privileged information.

10. As to **Bates page 991,** the court **DENIES** the plaintiffs' motion to compel. This e-mail relates communication to, and advice from, counsel.

11. As to **Bates page 992,** the court **GRANTS** the plaintiffs' motion to compel. This e-mail is an attempt to set up a meeting at which an attorney would relay advice. The e-mail identifies neither advice nor client communication.

12. As to **Bates page 993,** the court **DENIES** the plaintiffs' motion to compel. This e-mail invites comment on advice from counsel and relates client communication.

13. As to **Bates pages 994-996,** the court **DENIES** the plaintiffs' motion to compel. This e-mail is an attorney's draft of a letter to third parties. If sent, the letter would lose protection of the privilege, but, until then, it evinces the attorneys' advice to the client about what the letter should say.

14. As to **Bates page 997,** the court **GRANTS** the plaintiffs' motion to compel. This e-mail reports a conversation with counsel, but doesn't disclose legal advice or client communication (its says the attorney reported the tenant is vacating).

15. As to **Bates pages 998-1000,** the court **DENIES** the plaintiffs' motion to compel. This e-mail from the attorneys sets forth work-product and client communication.

16. As to **Bates pages 1001,** the court **GRANTS** the plaintiffs' motion to compel. This e-mail is a cover e-mail from the attorney that simply attaches (without comment) a letter from opposing counsel.

17. As to **Bates pages 1003-1006, 1009, 1011, and 1019,** the court **DENIES** the plaintiffs' motion to compel. These e-mails set forth and discuss communications between counsel and client concerning the impact of a potential legal strategy.

18. As to **Bates page 1012,** the court **GRANTS** the plaintiffs' motion to compel. This e-mail is a cover e-mail from the attorney that simply attaches (without comment) a communication from opposing counsel.

19. As to **Bates page 1021-1022,** the court **GRANTS** the plaintiffs' motion to compel. These e-mails to the clients' insurance agent are covers for a data preservation demand. They neither disclose nor discuss confidential communications.

20. As to **Bates page 1031-1036,** the court **GRANTS** the plaintiffs' motion to compel. These are e-mails from counsel to client that simply relate factual information. They neither contain nor reveal privileged communication.

21. As to **Bates page 1037-1043,** the court **GRANTS** the plaintiffs' motion to compel. These e-mails are (a) forwarding cover from the attorney and (b) letters to/from opposing counsel and e-mail correspondence between opposing counsel and the judge's chambers.

22. As to **Bates page 1044-1045,** the court **GRANTS** the plaintiffs' motion to compel. This is a proposed letter to third parties, drafted by client rather than counsel. It contains discussion of submitting the letter to counsel for review, but the review would not be for the purpose of obtaining legal advice.

23. As to **Bates page 1046-1049,** the court **DENIES** the plaintiffs' motion to compel. These e-mails are comments on the proposed letter to third parties, but move into discussion of legal strategy and questions for counsel.

24. As to **Bates page 1050-1051,** the court **DENIES** the plaintiffs' motion to compel. These e-mails are cover e-mail forwarding minutes of board meeting and the minutes, showing discussion of suit.

25. As to **Bates pages 1052 and 1053,** the court **GRANTS** the plaintiffs' motion to compel. Page 1052 is a request for the status of lawsuit and for regular status reports; Page 1053 is the response. Neither e-mail discloses any privileged communication.

26. As to **Bates page 1054-1055,** the court **DENIES** the plaintiffs' motion to compel. These e-mails are reports of conversations with attorney.

27. As to **Bates pages 1058-1063,** the court **GRANTS** the plaintiffs' motion to compel. These are e-mails asking if anyone from the Board can attend a meeting with the attorney, responding to that question, and clarifying the date of the meeting.

28. As to **Bates page 1187,** the court **GRANTS** the plaintiffs' motion to compel. This e-mail is a cover e-mail from the attorney that simply attaches (without advice) a communication from opposing counsel.

SO ORDERED.

ENTERED: September 2, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court